MARY P. GRIFFIN, APPELLANT, *v.* THE UTICA AND BLACK RIVER RAILROAD COMPANY, RESPONDENT.

*Liability of a railroad company selling a ticket over roads extending beyond its terminus— when liable for the failure of the connecting carrier to transport the passenger.*

APPEAL from a judgment dismissing the complaint, entered upon the trial of this action at the Kings County Circuit.

The plaintiff, at Redwood, on the defendant's railroad, purchased from the ticket agent a through ticket to New York. The defendant's road ran to Utica. From that place to New York the route of plaintiff's journey was over the New York Central Railroad. By the neglect of the ticket agent, the Central Railroad coupon omitted to name the place to which the passenger was to be carried from Utica. The plaintiff was carried to Utica, where the depot was

used in common by both railroads. At that place the plaintiff sought exit from the depot to the tracks where was the train of the Central Railroad. The doorman refused her exit, and after some altercation she was compelled to buy a new ticket from Utica to New York. This suit was brought for damages for failure to transport the plaintiff to the Central Railroad cars. At the close of the plaintiff's case, the defendant moved for a nonsuit on two grounds: First. That the ticket agent at Redwood was the agent of the Central Railroad, as far as regards the sale of the ticket. Second. That the evidence showed that plaintiff was excluded from the train by the agents of the Central Railroad, not those of the defendant. The motion was granted.

The court at General Term said: "We think this disposition of the case erroneous. The ticket agent was the agent of the defendant. The ticket he sold purports on its face to be issued by the defendant on account of the New York Central Railroad Company. The conductor on the train passed the plaintiff on this ticket to Utica. This was recognition of authority in the ticket agent to sell such a ticket. The plaintiff's evidence tended to show that the station officers, who prevented her access to the Central train were the officials of the defendant. This may not have been the case, and further evidence for defendant might have proved beyond question that they were the agents of the Central company. But this fact did not so appear at this stage of the case. Further, the plaintiff's difficulty, it appeared, was caused by the neglect of defendant's ticket agent to properly stamp the ticket. For the result of this negligence the defendant was liable. Whether defendant is liable for more than the cost of the new ticket to New York, it is not necessary to determine. It was liable at least for that damage.

" The judgment should be reversed, and a new trial ordered, costs to abide event."

*Sidney J. Cowen,* for the appellant.

*Arthur M. Beardsley,* for the respondent.

Opinion by CULLEN, J.

Present — BARNARD, P. J., DYKMAN and CULLEN, JJ.

Judgment reversed and new trial granted, costs to abide event.